# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 17-7967 DSF (RAOx) | Date | 12/28/17 |
| Title | Paula Gordon v. Nexstar Broadcasting, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Remand; Order GRANTING Motion to Transfer Venue (Dkt. Nos. 27, 37)

     On November 10, 2017, Plaintiff Paula Gordon filed a first amended complaint (FAC) without leave of court under Federal Rule of Civil Procedure 15(a)(1). The FAC purports to add two individual defendants, Alma Navarrete and Derek Jeffery, who are California citizens and would destroy diversity. Plaintiff later dismissed harassment claims against Navarrete and Jeffery, but still maintains an intentional infliction of emotional distress (IIED) claim against both. Plaintiff subsequently filed a motion to remand. Defendant Nexstar Broadcasting, Inc., has filed a motion to transfer venue to the Eastern District of California because all of the complained of acts and most of the relevant witnesses are located within that District. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 8, 2018 is removed from the Court's calendar.

     "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts consider several factors in determining whether to permit joinder: (1) whether the party to be joined is a "required" party without whom just adjudication is impossible under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there was an unexplained delay in seeking joinder; (4) the plaintiff's motive in seeking joinder; (5) and whether the claim against the new party appears to be valid. See Newcombe v. Adolf Coors Co., 157

**MEMORANDUM**

F.3d 686, 691 (9th Cir. 1998); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). While there is a split in authority on the topic, the Court agrees with what appears to be the majority of courts that find that 28 U.S.C. § 1447(e) effectively supersedes the ability of a plaintiff to add a diversity-destroying party by right under Rule 15(a)(1). See McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606-07 (S.D. Cal. 2014) (collecting authorities). Section 1447(e) addresses the specific situation of a diversity-destroying amendment and trumps the more general provision of Rule 15(a)(1).

None of the relevant factors favor allowing the addition of the nondiverse parties. Navarrete and Jeffery aren't required parties because complete relief can be had between Plaintiff and the other Defendants. In fact, Nexstar admits that it would be liable for any torts committed by Navarrete or Jeffery in the scope of their employment. Plaintiff admits there is no statute of limitations issue. There was an unexplained delay in seeking joinder. The FAC adds virtually no allegations against the new defendants. There is no indication that any new facts were discovered and there is no meaningful explanation for the failure to join them initially. This strongly suggests that joinder is for the purpose of destroying diversity. Finally, the claims against both new defendants are very weak. IIED claims require, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." Bock v. Hansen, 225 Cal. App. 4th 215, 232-33 (2014) (internal quotation marks omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. (internal quotation marks omitted). At most, Jeffery is alleged to have been uncaring and overly tolerant of sexual harassment. See FAC ¶¶ 19-27, 33. And, at most, Navarrete is alleged to have retaliated against another employee (not Plaintiff) for reporting sexual harassment and to have been uncaring and unresponsive to Plaintiff's complaints. See id. While the alleged behavior, if true, was inappropriate, it falls short of conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community."

The motion to remand is DENIED. The FAC is stricken.

Plaintiff does not substantively oppose Defendant's motion to transfer venue and transfer is appropriate given the close connection of the acts and evidence to the Eastern District of California and the almost nonexistent connection of the case to this District. Therefore, the motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is GRANTED. The case is transferred to the Eastern District of California.

IT IS SO ORDERED.